Bebgait, J. (dissenting).
The guilt of the three defendants is established beyond reasonable doubt by clear and independent proof of circumstances pointing unmistakably to the fact they robbed and killed their victim on the street. The judgments are now being reversed because of the conclusion that the trial court should, in the course of the trial, have sensed the difficulty of concealing from the jury the identification of codefendants in confessions or admissions made by individual defendants and then to have ordered separate trials.
It is felt that the deletions (“ redactions ”) in each of the confessions were insufficient to protect the codefendant whose identity could be spelled out or guessed by the jury. Efforts were made at the trial effectively to delete the hearsay. Most redactions or deletions of this kind give only the illusion of protection and, indeed, when performed thoroughly enough may result *271 in reversal of the conviction of the defendant who has made a confession (People v. La Belle, 18 N Y 2d 405).
At best deletions in written confessions pique the jury's curiosity and leave incomplete in the record the full effect of both written and oral admissions.
It is settled law, and the court seems not to be changing it, that even when a confession sets forth the name of a codefendant, a separate trial is not mandated, the theory being that the jury will heed the Judge's instruction to consider the confession only in the case of the person who made it (People v. Fisher, 249 N. Y. 419; Delli Paoli v. United States, 352 U. S. 232). If this is based on an unreliable fiction, it is no more unreliable than automatic faith in redactions. To make a rule as to separate trials rest on the effectiveness of redactions is to create a new source of litigation in the criminal law and a new source of speculation on what is effective and what is ineffective deletion in a myriad of different situations. (See, e.g., People v. Aranda, 63 Cal. 2d 518, 531-532; State v. Green, 46 N. J. 192.)
If Fisher is still the law, we should affirm these judgments; if it is not, that decision should be overruled.
The judgments should be affirmed.
Chief Judge Fuld and Judges Van Voorhis, Breitel and Keating concur with Judge Burke; Judge Bergan dissents and votes to affirm in a separate opinion in which Judge Scileppi concurs.
Judgments reversed and new separate trials ordered.